**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | | |
|---|---|---|
| **MIDWEST STEEL, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 2:16-CV-02066-JWL-JPO** |
| **IKEA PROPERTY, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT J.E. DUNN CONSTRUCTION COMPANY'S
ANSWER, COUNTERCLAIM AND CROSS-CLAIM**

J.E. Dunn Construction Company ("Dunn"), for its Answer to Plaintiff's Complaint, states:

**Parties, Jurisdiction, and Venue**

1. Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 1 and therefore denies the same.

2. Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 2 and therefore denies the same.

3. Dunn admits the allegations contained in Paragraph 3.

4. Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore denies the same.

5. Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 5 and therefore denies the same.

6. The allegations contained in Paragraph 6 are legal conclusions to which no response is required. Dunn, however, denies the allegations to the extent a response is deemed necessary.

52327216.4

7.      The allegations contained in Paragraph 7 are legal conclusions to which no response is required.  Dunn, however, denies the allegations to the extent a response is deemed necessary.

8.      The allegations contained in Paragraph 8 regarding the proper venue of this action are legal conclusions to which no response is required.  Dunn, however, denies the allegations to the extent a response is deemed necessary.  Dunn admits the allegations in Paragraph 8 regarding the location and description of the subject property.

## FACTS COMMON TO ALL COUNTS

9.      The allegations in Paragraph 9 pertain to the Midwest Steel and Schuff Steel relationship; Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

10.     The allegations in Paragraph 10 pertain to the Midwest Steel and Schuff Steel relationship; Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 10 and therefore denies the same.

11.     The allegations in Paragraph 11 pertain to the Midwest Steel and Schuff Steel relationship; Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

12.     The allegations in Paragraph 12 pertain to the Midwest Steel and Schuff Steel relationship; Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 12 and therefore denies the same.

13.     The allegations in Paragraph 13 pertain to the Midwest Steel and Schuff Steel relationship; Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 13 and therefore denies the same.

14.     The allegations in Paragraph 14 pertain to the Midwest Steel and Schuff Steel relationship; Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 14 and therefore denies the same.

15.     The allegations in Paragraph 15 pertain to the Midwest Steel and Schuff Steel relationship; Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 15 and therefore denies the same.

16.     The allegations in Paragraph 16 pertain to the Midwest Steel and Schuff Steel relationship; Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 16 and therefore denies the same.

**COUNT I – FORECLOSURE OF MECHANIC'S LIEN**

17.     Dunn restates and incorporates its foregoing responses.

18.     Dunn admits that IKEA is the fee simple owner of the subject Real Property.

19.     Dunn admits that Midwest furnished labor, supplies and equipment to the project, but Dunn is without sufficient information to admit or deny the remaining allegations contained in Paragraph 19 and therefore denies the same.

20.     Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 20 and therefore denies the same.

21.     Dunn denies the allegations contained in Paragraph 21.

22.     Dunn denies the allegations contained in Paragraph 22.

23.     Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 23 and therefore denies the same.

24.     Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 24 and therefore denies the same.

52327216.4

25.     Dunn admits only that Midwest filed a Lien on January 28, 2015, and Dunn denies all other allegations in Paragraph 25 including a specific denial that the Lien is proper or enforceable.

26.     The allegations contained in Paragraph 26 are legal conclusions to which no response is required.  Dunn, however, denies the allegations to the extent a response is deemed necessary.

27.     Dunn denies the allegations contained in Paragraph 27.

28.     Dunn denies the allegations contained in Paragraph 28.

29.     Dunn admits the allegations contained in Paragraph 29.

30.     Dunn admits the allegations contained in Paragraph 30.

31.     Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 31 and therefore denies the same.

32.     Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 32 and therefore denies the same.

33.     Dunn denies the allegations contained in Paragraph 33.

34.     Dunn denies the allegations contained in Paragraph 34.

35.     Dunn denies the allegations contained in Paragraph 35.

36.     The allegations contained in Paragraph 36 are not directed to Dunn and therefore no response is required.  Dunn, however, denies the allegations to the extent a response is deemed necessary.

WHEREFORE, Defendant J.E. Dunn Construction Company prays for judgment in its favor, for a just and proper determination of the priorities, for its costs incurred herein, and for such other relief as the Court deems just and equitable.

52327216.4

## COUNT II – BREACH OF CONTRACT
### (Schuff Steel)

37.    Dunn restates and incorporates its foregoing responses.

38.    The allegations contained in Paragraph 38 are not directed to Dunn and therefore no response is required.  To the extent a response is deemed required, however, Dunn is without sufficient information to admit or deny and therefore denies the same.

39.    The allegations contained in Paragraph 39 are not directed to Dunn and therefore no response is required.  To the extent a response is deemed required, however, Dunn is without sufficient information to admit or deny and therefore denies the same.

40.    The allegations contained in Paragraph 40 are not directed to Dunn and therefore no response is required.  To the extent a response is deemed required, however, Dunn is without sufficient information to admit or deny and therefore denies the same.

41.    The allegations contained in Paragraph 41 are not directed to Dunn and therefore no response is required.  To the extent a response is deemed required, however, Dunn is without sufficient information to admit or deny and therefore denies the same.

42.    The allegations contained in Paragraph 42 are not directed to Dunn and therefore no response is required.  To the extent a response is deemed required, however, Dunn is without sufficient information to admit or deny and therefore denies the same.

WHEREFORE, Defendant J.E. Dunn Construction Company prays for judgment in its favor, for its costs incurred herein, and for such other relief as the Court deems just and equitable.

## COUNT III – PROMPT PAYMENT ACT CLAIM
### (Schuff Steel)

43.    Dunn restates and incorporates its foregoing responses.

52327216.4

44.     The allegations contained in Paragraph 44 are not directed to Dunn and therefore no response is required.  To the extent a response is deemed required, however, Dunn is without sufficient information to admit or deny and therefore denies the same.

45.     The allegations contained in Paragraph 45 are not directed to Dunn and therefore no response is required.  To the extent a response is deemed required, however, Dunn is without sufficient information to admit or deny and therefore denies the same.

46.     The allegations contained in Paragraph 46 are not directed to Dunn and therefore no response is required.  To the extent a response is deemed required, however, Dunn is without sufficient information to admit or deny and therefore denies the same.

WHEREFORE, Defendant J.E. Dunn Construction Company prays for judgment in its favor, for its costs incurred herein, and for such other relief as the Court deems just and equitable.

### COUNT IV – UNJUST ENRICHMENT/QUANTUM MERUIT
#### (Schuff Steel, J.E. Dunn, and IKEA)

47.     Dunn restates and incorporates its foregoing responses.

48.     Dunn denies the allegations contained in Paragraph 48.

49.     Dunn denies the allegations contained in Paragraph 49.

50.     Dunn denies the allegations contained in Paragraph 50.

51.     The allegations in Paragraph 51 pertain to the Midwest Steel and Schuff Steel relationship; Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 51 and therefore denies the same.

52.     The allegations in Paragraph 52 pertain to the Midwest Steel and Schuff Steel relationship; Dunn is without sufficient information to admit or deny the allegations contained in Paragraph 52 and therefore denies the same.

53.     Dunn denies the allegations contained in Paragraph 53.

54.     Dunn denies the allegations contained in Paragraph 54.

55.     Dunn denies the allegations contained in Paragraph 55.

WHEREFORE, Defendant J.E. Dunn Construction Company prays for judgment in its favor, for its costs incurred herein, and for such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1.     Each allegation not expressly admitted is hereby denied.

2.     Plaintiff's claims and the underlying disputes upon which the claims are premised are subject to binding arbitration.

3.     Plaintiff failed to join a necessary party pursuant to K.S.A. § 60-219.

4.     Plaintiff failed to comply with K.S.A. § 60-1101 *et seq.* for properly asserting a statutory lien.

5.     Plaintiff's claim to a statutory lien, if any, is subordinate to Dunn's statutory lien.

6.     Plaintiff has failed to state a claim upon which relief may be granted.

7.     Plaintiff's claims are barred by accord and satisfaction, estoppel, failure of consideration, latches, payment, and waiver.

8.     Plaintiff has failed to properly mitigate its claimed damages.

9.     Plaintiff's claimed damages are the result of its own conduct, or the conduct of parties not under the control of Dunn.

10.     Plaintiff's claimed damages are barred in whole, or in part by reason of Plaintiff's contributory fault, negligence, or by reason of its intentional acts.

11.     Plaintiff has failed to satisfy all conditions precedent to its right to payment.

52327216.4

12.     Dunn reserves the right to add additional affirmative defense as discovery progresses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant J.E. Dunn Construction Company prays for judgment in its favor, for a just and proper determination of the priorities, for its costs incurred herein, and for such other relief as the Court deems just and equitable.

<u>**COUNTERCLAIM AND CROSS-CLAIM**</u>

Dunn, for its counterclaim against Plaintiff, and its cross-claim against all other Defendants, states:

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

1.      Dunn is a Missouri corporation with its principal place of business located at 1001 Locust, Kansas City, Missouri 64106.

2.      The Real Property at issue is located at 6000 IKEA Way, Merriam, Kansas 66202, and is generally identified as: "Lot 15, MERRIAM VILLAGE FOURTH PLAT, a subdivision in the City of Merriam, Johnson County, Kansas, according to the recorded plat thereof."

3.      Plaintiff claims an interest in the Real Property as asserted in its Complaint.

4.      Defendant Ikea Property, Inc. ("IKEA") is, and has been the fee simple owner of the Real Property at all relevant times.

5.      Defendant Schuff Steel Company ("Schuff Steel") has, or may claim an interest in the Real Property.

6.      Defendant Kathleen A. White ("White") has, or may claim an interest in the Real Property.

7.      Jurisdiction and venue are proper in this Court.

8

52327216.4

### FACTS COMMON TO ALL COUNTS

8.      Dunn entered into a contract with IKEA dated May 13, 2013 (the "Contract"), whereby Dunn agreed to act as the general contractor for the construction of an IKEA store and parking garage (the "Project") on the Real Property.  A copy of the Contract is included within the Dunn Lien, which is attached as **Exhibit A.**

9.      Dunn performed its work under the Contract in a good and workmanlike manner, which improved and was incorporated into the Real Property.

10.     Dunn is currently owed in excess of $250,000.00 from IKEA for work it performed under the Contract.

11.     Dunn entered into a subcontract with Schuff Steel dated June 3, 2013 (the "Subcontract"), whereby Schuff Steel agreed to provide all labor, materials, equipment and other services necessary to complete the structural steel and miscellaneous metal scopes of work on the Project. A copy of the Subcontract is attached as **Exhibit B.**

### COUNT I – FORECLOSURE OF MECHANIC'S LIEN

12.     Dunn restates and incorporates the foregoing allegations.

13.     IKEA is the fee simple owner of the Real Property and was the fee simple owner of the Real Property at all relevant times.

14.     Dunn furnished labor, materials, and equipment under one continuous running account beginning on or about March 19, 2013, which labor, materials, and equipment were furnished for, applied to, used, consumed and incorporated into the Real Property.

15.     Dunn last furnished labor, supplies, and equipment on the Project no earlier than September 10, 2014, and performed all of its work through that date in reliance upon the faith and credit of its lien rights.

52327216.4

16.    After all just credits have been given, the contractual and reasonable value of the labor and materials Dunn is owed is in excess of $250,000.00, exclusive of interest.

17.    On January 6, 2015, Dunn properly and timely filed a Notice of Extension to File Lien with the Clerk of the District Court of Johnson County, Kansas, as Mechanic's Lien No. 15ML2.

18.    On February 9, 2015, Dunn properly and timely filed its Mechanic's Lien Statement (the "Dunn Lien") with the Clerk of the District Court of Johnson County, Kansas, Mechanic's Lien No. 15ML23. *See* Exhibit A.

19.    All of the work described in the Dunn Lien benefited and improved the Real Property. Since the filing of the lien a portion of the amount has been paid, but an amount in excess of $250,000 remains due and owing.

20.    The Dunn Lien relates back the date that Dunn first furnished labor, equipment, supplies and materials on the Real Property, which was March 19, 2013, and has priority over all other liens and encumbrances subsequent to that date.

21.    Dunn has satisfied all conditions precedent and is entitled to foreclose the Dunn Lien, the proceeds of which shall be used to satisfy the encumbrances on the Real Property in the priority established by this Court.

WHEREFORE, J.E. Dunn Construction Company prays that the Court enter judgment in its favor in an amount to be proven at trial, together with interest, costs, that the Court fully determine the rights, claims, liens, and priorities of the various parties, that the Court order a sale of the Real Property, that the proceeds of the sale be applied and distributed according to the rights, interests, and priorities of the parties, and for such other and further relief as the Court deems just and equitable.

52327216.4

## COUNT II – BREACH OF CONTRACT
### (v. IKEA)

22.     Dunn restates and incorporates the foregoing allegations.

23.     The Contract between Dunn and IKEA is a valid and enforceable agreement.

24.     IKEA has failed to pay Dunn in excess of $250,000.00 pursuant to the terms of the Contract for work performed by Dunn.

25.     IKEA's failure to remit full payment to Dunn is a breach of the Contract.

26.     Dunn has complied with all of its obligations and conditions precedent under the Contract.

27.     As a direct result of IKEA's breach, Dunn has been damaged in an amount to be proven at trial, but which amount exceeds $250,000.00.

WHEREFORE, J.E. Dunn Construction Company prays for judgment in its favor and against IKEA in an amount to be proven at trial, together with interest, costs, attorneys' fees, and for such other and further relief as the Court deems just and equitable.

## COUNT III – UNJUST ENRICHMENT/QUANTUM MERUIT
### (v. IKEA)

28.      Dunn restates and incorporates the foregoing allegations.

29.     All of the labor, material and equipment supplied by Dunn on the Project were supplied at the insistence and request of IKEA.

30.     At all times, IKEA knew and was aware that Dunn was providing the labor, material and equipment, and IKEA acquiesced and accepted the labor, material and equipment supplied by Dunn, which directly benefited IKEA and the Real Property.

31.     The fair and reasonable value of the labor, material and equipment provided by Dunn on the Project is in excess of $250,000.00.

52327216.4

32.     Dunn has not been paid in full for the labor, material and equipment it provided.

33.     IKEA has received and retained the benefit of the value of the labor, material and equipment supplied by Dunn without paying Dunn the full value for the same.

34.     As a direct result of IKEA's failure to pay the full value of Dunn's work, Dunn has been damaged in an amount exceeding $250,000.00.

35.     It would be inequitable and unjust for IKEA to retain the benefit of the labor, material and equipment provided by Dunn without fully compensating Dunn for the same.

WHEREFORE, J.E. Dunn Construction Company prays for judgment in its favor and against IKEA in an amount to be proven at trial, together with interest, costs, and for such other and further relief as the Court deems just and equitable.

## COUNT IV -- BREACH OF CONTRACT
### (v. SCHUFF)

36.     Dunn restates and incorporates the foregoing allegations.

37.     The Subcontract is a valid and enforceable agreement.

38.     Section 3.4.2 of the Subcontract provides:

> § 3.4.2 If at any time there shall be evidence of any invoice, bill, lien or claim arising from Subcontractor's operations under this Subcontract or any other agreement between the parties (Claim) for which the Contractor, the Owner, a surety, or any property, might be or become liable or subject to, then the Contractor shall have the right to retain out of any payment then due or thereafter to become due the Subcontractor, an amount sufficient to discharge such Claim and reimburse the Contractor, Owner, and surety for all costs and expenses (including attorneys' fees) in connection with such Claim. If the Subcontractor has failed to resolve a Claim or provide a bond to protect the Owner, the Contractor and any surety against such Claim within thirty (30) days after written notice, the Contractor, the Owner or a surety shall have the right to make payment on such Claim out of funds due or to become due the Subcontractor. If no such funds are available, the Subcontractor shall indemnify the Contractor, the Owner and surety for all amounts any of them have in good faith paid in discharging any

12

Claim, including any associated costs and expenses (including attorneys' fees).

39.     Despite demand by Dunn, Schuff Steel has failed to provide a bond or otherwise resolve and discharge the claims and lien asserted by Plaintiff.

40.     Schuff Steel's failure to provide a bond or otherwise resolve and discharge the claims and lien asserted by Plaintiff is a breach of the Subcontract.

41.     Schuff Steel is obligated to indemnify Dunn for the costs, expenses and attorneys' fees incurred in defending and discharging the claims and lien asserted by Plaintiff.

42.     The damages incurred to date by Dunn, and resulting from Schuff Steel's breach of the Subcontract, exceed $25,000.00 and the damages continue to accrue as this matter moves forward.

WHEREFORE, J.E. Dunn Construction Company prays for judgment in its favor and against Schuff Steel in an amount to be proven at trial, together with interest, costs, attorneys' fees, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Jeffrey D. Kleysteuber*

Christopher P. Sobba                         KS# 20708
Jeffrey D. Kleysteuber                       KS# 24462
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
(816) 753-1000
(816) 753-1536 fax
Email:  csobba@polsinelli.com
Email:  jkleysteuber@polsinelli.com

**ATTORNEYS FOR DEFENDANT J.E. DUNN CONSTRUCTION COMPANY**

13

52327216.4

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing was served via email and electronically via the Court's notification system this 8th day of February, 2016, to:

Michael E. Callahan
Brian E. Sobczyk
Stinson Leonard Street LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106
(816) 842-8600
(816) 691-3495 FAX
michael.callahan@stinson.com
brian.sobczyk@stinson.com
**ATTORNEYS FOR PLAINTIFF**

Schuff Steel Company
The Corporation Company, Inc.
112 SW 7th Street, Suite 3C
Topeka, Kansas 66603
**DEFENDANT**

IKEA Property, Inc.
The Corporation Company, Inc.
112 SW 7th Street, Suite 3C
Topeka, Kansas 66603
**DEFENDANT**

Kathleen A. White
9 West Rolling Hills Drive
Wichita, Kansas 67212
**DEFENDANT**

              __/s/ Jeffrey D. Kleysteuber_____
              Attorney for Defendant
              J.E. Dunn Construction Company

52327216.4